UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, | ) ) ) |
| *Plaintiff*, | ) ) |
| v. | ) Case No. 1:05-CV-61 ) |
| TURNER FUNERAL HOME, INC., J. MIKE TURNER, ROBERT K. SCHRADER, LARRY DOWDEN, STEVEN HENSLEY, JR. and/or STEVEN HORNSBY, JR., | ) Judge Mattice ) ) ) ) |
| *Defendants*. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff State Automobile Mutual Insurance Company's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). Plaintiff moves the Court to reconsider its *sua sponte* decision to decline to exercise jurisdiction over the above-captioned action brought under the Declaratory Judgment Act, 28 U.S.C. §§2201-202. For the reasons set forth below, Plaintiff's Motion to Alter or Amend Judgment will be **DENIED**.

**I.     STANDARD FOR MOTION TO ALTER OR AMEND JUDGMENT**

A motion to alter or amend a court's prior judgment is analyzed under Federal Rule of Civil Procedure 59(e). Rule 59(e) grants a court the means to reconsider its judgments. *See Boburka v. Adcock*, 979 F.2d 424, 426 (6th Cir. 1992). A timely Rule 59(e) motion tolls the time period for filing a notice of appeal, which does not resume until the court disposes of the motion. Fed. R. Civ. P. 4(a)(4)(A)(iv). A Rule 59(e) motion can be granted for one of four reasons:

> (1) To correct a clear error of law;
> (2) To account for newly discovered evidence;
> (3) To accommodate an intervening change in the controlling law; or
> (4) To otherwise prevent manifest injustice.

*Gen Corp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A decision to grant or deny a Rule 59(e) motion is within the discretion of the district court. *See id.* at 832.

## II.    RELEVANT FACTS

The relevant facts remain largely unchanged since the Court's Memorandum and Order of March 13, 2006. (*See* Court Doc. No. 37, Mem. of March 13, 2006.) The Court adopts by reference the facts set forth therein. The Court notes that the complaint in the underlying state court litigation was dismissed with prejudice on March 23, 2006, for failure to state a claim upon which relief may be granted. *Walker County v. Tri-State Crematory*, No. 05CV66911, slip op. at 3 (Ga. Super. Ct. Mar. 23, 2006). The Court further notes that the plaintiff in that action, Walker County, has since appealed the trial court's dismissal of the complaint, and that such appeal currently is pending before the Court of Appeals of Georgia. Under the circumstances, the Court will treat the underlying case as ongoing.

## III.    ANALYSIS

Plaintiff cites two concepts within Federal Rule of Civil Procedure 59(e) in support of its motion. First, Plaintiff argues that the Court committed clear errors of law in declining to exercise jurisdiction over the instant action. *See GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (holding that Rule 59(e) is a means to correct clear errors of law). Second, Plaintiff urges that the Court's decision to decline to exercise jurisdiction results in manifest injustice. *See id.* (holding that a Rule 59(e) motion can be granted to

prevent manifest injustice).  Each of Plaintiff's arguments will be addressed in turn.

    **A.    Whether the Court committed clear errors of law in declining to exercise jurisdiction.**

In exercising its discretion to decline jurisdiction over the instant declaratory action, the Court applied the five factors set forth in *Grand Trunk Western Railroad Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984), and refined in its progeny.[1] As Plaintiff sees clear error in the Court's analysis under each and every *Grand Trunk* factor, the Court will address each factor in turn.

    1.    <u>*Whether the judgment would settle the controversy and whether the declaratory action would serve a useful purpose in clarifying the legal relations at issue.*</u>

Plaintiff presents two reasons why the Court clearly erred in its analysis under the first two *Grand Trunk* factors.  First, Plaintiff argues that a declaratory judgment would at least settle the entire controversy and clarify legal relations between it and Defendants, even if it neither settled nor clarified any part of the underlying state court litigation. Second, Plaintiff seeks to factually and legally distinguish the authority on which the Court relied in its analysis under these first two factors.

Plaintiff's narrow focus on the controversy and legal relations within the declaratory action–to the exclusion of the dispute and relationships in the underlying state court

---

[1]These factors are:

(1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984).

litigation–is misplaced. In analyzing the first *Grand Trunk* factor, the Sixth Circuit looks to whether a ruling would settle the controversy in the underlying state court litigation as well as in the declaratory action. *See U.S. Fire Ins. Co. v. Albex Aluminum, Inc.*,161 Fed. App'x 562, 564-65 (6th Cir. 2006) (per curium). Likewise, under the second *Grand Trunk* factor, the Sixth Circuit also focuses on whether a judgment would clarify the legal relationships in the underlying state court litigation. *See id.* at 565; *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 814 (6th Cir. 2004) (finding that the second Grand Trunk factor weighed against exercising discretion because "although a declaratory judgment would clarify the legal relationship between [the insurer and insured] pursuant to the insurance contracts, the judgment would not clarify the legal relationship . . . in the underlying state action."). When the plaintiff seeking declaratory judgment is not a party to the underlying state court litigation, and a declaratory judgment will not resolve the issues before the state court, a district court may properly find that the first two *Grand Trunk* factors weigh against exercising jurisdiction. *See U.S. Fire Ins. Co.*,161 Fed. App'x at 564-65 (citing *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 278 (6th Cir.1990) (abrogated on other grounds)).

In the instant case, the Court, relying on *U.S. Fire Insurance Co.*, *Bituminous Casualty Corp.*, and *Mercier*, looked to whether a declaratory judgment would settle controversy or clarify relations in the underlying state court litigation as well as the instant declaratory action. (*See* Mem. of March 13, 2006 5-6.) After focusing on both the declaratory action and the underlying state court litigation, the Court found that the first two *Grand Trunk* factors weighed against exercising jurisdiction. (*See id.*)

Plaintiff's attempts to distinguish *U.S. Fire Insurance Co.*, *Bituminous Casualty Corp.*, and *Mercier* are unconvincing. Plaintiff argues that the facts of *U.S. Fire Insurance*

-4-

*Co.* and *Bituminous Casualty Corp.* make these cases inapplicable to the instant action. The Court, however, did not rely on either case for factual guidance; it cited each for the broader proposition that district courts may look to whether a declaratory judgment would settle controversy and clarify legal relations within the underlying state court litigation as well as the declaratory action itself. (*See id.*)

Plaintiff also contends that *Mercier*'s reasoning is not applicable to the instant action because, unlike in the instant action, the court in *Mercier* lacked a sufficiently detailed record to determine the issue of coverage. In *Mercier*, the record contained only the insurance contracts and the allegations of the complaint filed in the underlying state court litigation. *See* 913 F.2d at 278. The court reasoned that it did not have a sufficient factual basis to settle controversy or clarify legal relations, found that the first two *Grand Trunk* factors were left wanting, and declined to exercise jurisdiction over the declaratory action. *Id.* ("Courts should not be required to decide 'rights and other legal relations' in a vacuum."). In contrast, Plaintiff contends that the facts in the state court litigation underlying the instant action are "well-known, even notorious" (Court Doc. No. 44, Pl.'s Mem. in Supp. of its Mot. to Alter or Am. J. 11) and have "been extensively discussed and disseminated by the media." (*Id.* at 13). Thus, Plaintiff implies that further factual development is unnecessary, and that this Court can proceed unimpeded by the reasoning in *Mercier*.

Plaintiff's attempt to distinguish *Mercier* is puzzling. Of course, facts outside of the record–however notorious or newsworthy–have not and will not be subject to the strictures of the Federal Rules of Evidence. They are wholly useless to the Court in settling controversy and clarifying legal relations via declaratory judgment. While the Court is confident that Plaintiff is not advocating that it take judicial notice of gossip and news reports, Plaintiff fails to explain how such irrelevancies distinguish the instant declaratory action from *Mercier*. In the instant action, as in *Mercier*, the record consists only of the underlying complaint and the insurance contracts, and is lacking in factual development.[2] *See* 913 F.2d 273, 278-79. The Court rightly relied in part on *Mercier* in holding that the first two *Grand Trunk* factors militate against exercising jurisdiction over the instant action.

Finally, Plaintiff cites several cases for the proposition that other courts, when faced with "similar situations," have found that the first two *Grand Trunk* factors weigh in favor of exercising jurisdiction. The Sixth Circuit has cautioned against applying this type of factual analogy argument to an analysis under the *Grand Trunk* factors. Seemingly similar declaratory actions can warrant different results under *Grand Trunk* because of the broad discretion the Declaratory Judgment Act grants district courts. *U.S. Fire Ins. Co., Inc.*,161 Fed. App'x at 564. The Sixth Circuit consistently upholds district courts that decline jurisdiction in declaratory judgment actions after a reasoned analysis under *Grand Trunk*. *Id.* (citing *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 969 (6th Cir. 2000)). Given the fact intensive nature of the instant case, the Court finds Plaintiff's analogies unpersuasive.

---

[2]Also included in the record is the Court's Memorandum and Order in *State Auto Insurance Cos. v. Turner Funeral Home, Inc.*, No. 103-CV-083, 2003 WL 23218046 (E.D. Tenn. 2003). (Court Doc. No. 1-12, Compl. Ex. 9). This document addresses a declaratory judgment arising out of a different underlying state court action, and does not contain facts germane to the complaint underlying the instant declaratory action.

## 2. *Whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race for res judicata.*

The Court found that the third *Grand Trunk* factor weighed neither in favor nor against exercising jurisdiction. Plaintiff argues that the Court misapplied this factor, and moves the Court to revisit its analysis. Further examination of Plaintiff's arguments, however, only raise the Court's suspicion that Plaintiff seeks a procedural advantage.

Plaintiff is an insurance company seeking a declaration against its insured that it is under neither a duty to defend or indemnify Defendants. Plaintiff had three such cases pending before this Court, the instant case being the first of the three.[3] Further, in the instant case, Defendants have not only failed to oppose Plaintiff's Motion for Summary Judgment, but have consented to an entry of summary judgment against them. (Pl.'s Mem. in Supp. of its Mot. to Alter or Am. J. 15.) In effect, Defendants have consented to the lengthy and redundant proposed summary judgment order filed by Plaintiff, as well as Plaintiff's Statement of Material Facts, which is rife with legal conclusions as to coverage and liability. (*See* Court Doc. No. 32-2, Pl. State Auto. Mutual Ins. Co.'s Statement of Material Facts.)

These circumstances suggest a race for *res judicata*, in which Plaintiff seeks a favorable ruling in the instant case–without the hindrance of Defendants' opposition–to use in the later two cases. As the Sixth Circuit noted in *U.S. Fire Insurance Co.*, 161 Fed. App'x at 565, courts are permitted to infer a race for res judicata from the circumstances of the declaratory action. These circumstances belie Plaintiff's argument that "there is nothing

---

[3]In addition to the instant action, Plaintiff seeks similar declarations in *State Automobile Mutual Insurance Co. v. Wann Funeral Home, Inc.*, No. 105-CV-89 (E.D. Tenn. filed March 23, 2005), and *State Automobile Mutual Insurance Co. v. Cumberland Funeral Home, Inc.*, No. 105-CV-133 (E.D. Tenn. filed May 6, 2005).

-7-

which indicates any motivation of procedural gamesmanship . . . ." (Pl.'s Mem. in Supp. of its Mot. to Alter or Am. J. 15.) Thus, after further reviewing the facts, the Court finds that the third *Grand Trunk* factor weighs against exercising jurisdiction.

        3.    <u>*Whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction.*</u>

Plaintiff seems to take issue with the Court's analysis under each of the three subfactors comprising the third *Grand Trunk* factor.[4] The Court will address each in turn.

        a.    <u>Whether the underlying factual issues are important to an informed resolution of the case.</u>

Plaintiff first contends that no factual issues need be determined by the state court in the underlying litigation. In other words, Plaintiff argues that this Court can declare its duties under the insurance contracts by examining only the underlying complaint and the insurance contracts. Speaking generally, Plaintiff is correct. As a general rule in Tennessee, an insurer's duty to defend a suit against its insured is determined according to the factual allegations of the complaint. *First Nat'l Bank in Bristol v. S.C. Ins. Co.*, 341 S.W.2d 569 (Tenn. 1960); *Graves v. Liberty Mut. Fire Ins. Co.*, 745 S.W.2d 282 (Tenn. Ct. App.1987). Thus, in most cases, a court tasked with determining an insurer's duty to indemnify or defend need only compare the insurance contract with the complaint. In

---

[4]These subfactors are:

(1) whether the underlying factual issues are important to an informed resolution of the case;
(2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
(3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 814-15 (6th Cir. 2004) (citing *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000)).

-8-

certain cases, however, a court may broaden its inquiry beyond the factual allegations within the complaint. *Graves*, 745 S.W.2d at 283-84 ("[A] meager complaint could require broadening the scope of inquiry . . . .").

The underlying complaint in the instant case may require a broader scope of inquiry. Despite its length, the complaint contains few factual assertions. Sixteen of thirty-two pages are occupied with jurisdictional recitations. (*See* Court Doc. No. 1-11, Compl. Ex. 8 10-26.) Of the remaining sixteen pages, four are relegated to the caption and prayer for relief. (*See id.* at 4-5, 34-35.) The roughly twelve pages that address substantive allegations set forth complicated, opaque, and numerous legal theories, and give short shrift to the underlying facts. (*See id.* at 6-10, 23-34.) Thus, a court faced with determining Plaintiff's duties to Defendants in relation to the underlying complaint may well be justified in looking beyond the face of the complaint. *See Graves*, 745 S.W.2d at 283-84.

b. <u>Whether the state trial court is in a better position to evaluate those factual issues than is the federal court.</u>

Plaintiff argues that, for the state court to be in a better position than the federal court, the declaratory action must be "parallel" in that each involves the same legal issue. (Pl.'s Mem. in Supp. of its Mot. to Alter or Am. J. 17.) However, the Sixth Circuit has expanded the notion of parallel litigation to include cases in which "the ultimate legal determination in each depends upon the same facts." *Mercier*, 913 F.2d at 279. The ultimate legal determination in the instant case, as well as in the underlying litigation, depends on the same facts–those surrounding the causes of action asserted in the state litigation. Therefore, these cases are as parallel as need be to warrant a finding that the state trial court is in a better position to evaluate factual issues. *See id.*

-9-

c. <u>Whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory action.</u>

Plaintiff argues that no close nexus exists between the underlying factual and legal issues and state law and public policy. However, the instant action presents novel issues of Tennessee contract law. (*See* Mem. of March 13, 2006 10 n.3.) In similar instances, the Sixth Circuit has held that "unresolved issues of state law weigh heavily in favor of dismissal." *Georgia Mut. Ins. Co. v. Crabtree*, No. 94-6436, 1996 WL 428349, *2 (6th Cir. July 30, 1996). Moreover, these novel issues involve insurance contracts. "The states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation." *Mercier*, 913 F.2d at 279. Thus, Tennessee law and public policy are intertwined with the instant action, and Plaintiff's argument fails.

4. *Whether there is an alternative remedy which is better or more effective.*

Plaintiff takes the opportunity under this factor to exhibit its apparent sense of entitlement to a declaratory judgment. It cites *Meredith v. Winter Haven*, 320 U.S. 228 (1943), for the proposition that district courts are somehow duty-bound to render declaratory judgments. (*See* Pl.'s Mem. in Supp. of its Mot. to Alter or Am. J. 18) Plaintiff's argument is contradicted by, *inter alia*, a more recent decision of the Supreme Court. In *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995), the Court stated:

> By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants. Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory

-10-

> judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

*Id.* (footnote omitted). Thus, it is clear that Plaintiff is not entitled, as a matter of right, to a declaratory judgment. The remainder of Plaintiff's arguments under this factor are either unsupported assertions or tautologies, and do not satisfy the clear error of law standard set forth in Rule 59(e).

### B. Whether the Court's decision to decline to exercise jurisdiction resulted in manifest injustice.

Similarly, Plaintiff's argument under the manifest injustice prong of Rule 59(e) fails. *Any* reliance that Plaintiff placed in either: (1) The Court's silence in the previous scheduling conference as to the threshold issue of discretionary jurisdiction in declaratory actions; or (2) the precedential impact of the Court's earlier grant of declaratory judgment in *State Auto Insurance Cos. v. Turner Funeral Home, Inc.*, No. 103-CV-083, 2003 WL 23218046 (E.D. Tenn. Dec. 12, 2003) was misplaced. As to Plaintiff's first contention, nothing in the Sixth Circuit's jurisprudence suggests that the Court's duty to adhere to *Grand Trunk* is somehow extinguished after a certain length of time, or after the Court, for example, conducts a scheduling conference. And as to Plaintiff's second contention, the detailed and fact-specific nature of the *Grand Trunk* analysis makes the act of comparing courts' decisions on jurisdiction in seemingly similar–but not identical–declaratory judgment actions of little use. *See U.S. Fire Ins. Co.*,161 Fed. App'x at 564.

-11-

## IV. CONCLUSION

For the forgoing reasons, Plaintiff State Automobile Mutual Insurance Company's Motion to Alter or Amend Judgment [Court Doc. No. 43] is **DENIED**, and the instant action shall be **DISMISSED WITHOUT PREJUDICE**, with leave to refile in state court.

SO ORDERED this 7th day of June, 2006.

                                            *s/ Harry S. Mattice, Jr.*
                                            HARRY S. MATTICE, JR.
                                        UNITED STATES DISTRICT JUDGE